UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VERSANT FUNDING, LLC,<br><br>                   Plaintiff,<br><br>    v.<br><br>TERAS BREAKBULK OCEAN<br>NAVIGATION ENTERPRISES, LLC,<br>et al.,<br><br>                   Defendants. | CASE NO. C17-5282 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR TRANSFER AND TRANSFERRING CASE |

This matter comes before the Court on Sonny Joe Sanders ("Sanders"), Teras Breakbulk Ocean Navigation Enterprises, LLC ("Teras Ocean"), Teras Cargo Transport (America), LLC ("Teras Cargo"), and Teras Chartering, LLC's ("Teras Chartering") (collectively "Defendants") motion to dismiss or, in the alternative, to transfer under 28 U.S.C. § 1404(a) (Dkt. 18). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion in part and denies it in part for the reasons stated herein.

I.       **PROCEDURAL HISTORY**

On April 14, 2017, Versant filed a complaint against Defendants asserting causes of action for breach of contract, breach of performance guarantees, and fraud. Dkt. 1.

ORDER - 1

On May 27, 2017, Defendants moved to dismiss or, in the alternative, transfer, arguing that the contract at issue contained mandatory forum-selection clauses requiring the dispute to be heard in Florida. Dkt. 15.

On June 14, 2017, Versant filed an amended complaint adding another breach of contract claim and requesting the appointment of a receiver. Dkt. 16 ("FAC").

On June 26, 2017, Defendants moved to dismiss or, in the alternative, to transfer. Dkt. 18. On July 14, 2017, Versant moved for an extension of time to respond and file a cross motion. Dkt. 20. On July 17, 2017, Defendants responded to Versant's motion. Dkt. 22. On July 18, Defendants filed a reply to its motion to dismiss, arguing that the Court should grant the motion because Versant failed to respond. Dkt. 24. On July 21, 2017, Versant filed a substantive response to Defendants' motion. Dkt. 25. Later that day, Defendants filed a reply and moved to strike Versant's untimely response. Dkt. 29.[1]

## II. FACTUAL BACKGROUND

Versant is a Delaware company that provides factoring services to its clients. FAC, ¶¶ 2, 18. Factoring is a type of credit arrangement where credit is extended to companies under stricter than normal terms. *Id.* ¶ 17. On October 30, 2015, Versant and Teras Cargo entered into a factoring agreement and a security agreement. *Id.*, Exh. E. In the factoring agreement, Versant agreed to purchase some of Teras Cargo's accounts receivable in exchange for money in advance of payment on the particular account. *Id.*,

---

[1] The Court denies the motion to strike. While Versant's response is untimely, Defendants suffer no prejudice from the Court's consideration of the brief.

Exh. E. The factoring agreement contained a forum selection clause that provides in relevant part as follows:

> The parties hereto mutually agree that any legal action relating to or arising from the Factoring Agreement, the Security Agreement, the Account Agreements or the Performance Guaranty (or Guaranties), if any, or relating in any way to the factoring relationship between Versant and the Seller and Guarantor(s), shall be maintained only in (a) state courts of Palm Beach County, Florida, or (b) the United States District Court serving Palm Beach County, Florida (except that Versant shall have the right to bring any action or proceeding against Seller or its property in the courts of any other jurisdiction that Versant deems necessary or appropriate, in Versant's sole discretion, to realize upon the Accounts Receivable or any other collateral of Seller subject to Versant's lien)

*Id.* ¶ 11.

In the security agreement, Versant obtained an interest in all property owned or acquired by Teras Cargo. *Id.* This agreement does not contain a forum selection clause.

On November 20, 2015, Versant and Teras Ocean entered into the identical factoring and security agreements. FAC, Exhs. A, B. Sanders also entered into agreements personally guaranteeing the performance of Teras Cargo and Teras Ocean. *Id.*, Exhs. C, G. The performance guarantees include the same forum selection clause.

On July 21, 2016, Versant and Teras Charting entered into the identical factoring and security agreements. FAC, Exh. D. Sanders, as CEO of Teras Cargo, sent Versant a letter confirming a cross collateralization of the "invoices, reserves, assets and/or funds" of Teras Cargo with the same of Teras Chartering and Teras Ocean. *Id.*, Exh. F.

On August 29, 2016, Versant and Teras Ocean entered into a purchase and sale agreement for an advance of $1,050,000 in exchange for $1,400,000 of accounts receivable. *Id.*, Exh. H. Defendants used the advance to fund the transfer of cargo

aboard the M/V Seattle from Kuwait to North Carolina. FAC, ¶ 29. If the cargo was delivered on time, the client would pay Teras Ocean $1,400,000. *Id*. Versant alleges that the M/V Seattle broke down in route, the cargo was not delivered on time, and the client cancelled the contract, paying no portion of the fee. *Id*. ¶ 34.

### III. DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013). "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id*.

In this case, the parties specified a forum in their agreements. The parties mutually agreed to litigate any dispute relating to or arising from the factoring, security, or performance agreements in Florida. *See*, *e.g*., FAC, Exh. A, ¶ 11. The language is clear and should be enforced. Versant, however, argues that two exceptions exist to the forum selection clause.

Before analyzing the exceptions, the Court must address Versant's implicit assertion that Florida law governs the interpretation of the forum selection clause. In the Ninth Circuit, courts "apply federal law to the interpretation of the forum selection clause." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (citing *Manetti–*

*Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir.1988)). This appears to be the rule even if the contract in question contains a choice of law provision. *See*, *e.g.*, *Doe 1 v. AOL LLC*, CV–06–05866–SBA, (C.D. Ca.), Dkt. 16 at 12 (choice of law provision in contract that was not enforced by district court or Ninth Circuit when interpreting forum selection clause). In any event, the Court is unaware of, and Versant has failed to cite, any authority for the proposition that the Court should apply Florida law when interpreting the forum selection clause. Therefore, the Court will apply federal law.

When we interpret a contract under federal law, we look for guidance "to general principles for interpreting contracts." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir.1999). "Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. Whenever possible, the plain language of the contract should be considered first." *Id.* (internal citation omitted). With these general principles in mind, the Court turns to Versant's arguments.

First, Versant argues that the "Receivership Provision governs the venue issue . . . ." Dkt. 25 at 10. While this provision may govern Versant's claim to appoint a receiver, Versant provides no authority or reasonable argument for the proposition that it may file all claims against Defendants in any district where it may file a request for a receiver. If this were true, the exception would literally swallow the agreed-upon forum selection rule. It is a more reasonable interpretation of the contract provisions that if Defendants are in default or Versant obtains a judgment for breach of contract, then Versant may file a complaint for a receiver in any court of competent jurisdiction to secure property in that

jurisdiction.  The contract claims, however, must be litigated in Florida.  Then, if successful, Versant may execute upon its judgment anywhere Defendants' property may reside.  Therefore, the Court concludes that the receivership provision does not trump the forum selection clause.

Second, Versant argues that the forum selection clause includes a "'carve out' which limits its scope."  Dkt. 25 at 13.  This exception is stated as follows:

> except that Versant shall have the right to bring any action or proceeding against Seller or its property in the courts of any other jurisdiction that Versant deems necessary or appropriate, in Versant's sole discretion, to realize upon the Accounts Receivable or any other collateral of Seller subject to Versant's lien.

FAC, Exh. A, ¶ 11. Defendants argue that Versant did not invoke this clause and the clause is limited to post-judgment actions.  Dkt. 18 at 10.  The Court agrees on both points.  None of Versant's claims seek "to realize upon the Accounts Receivable or any other collateral" of Defendants.  Instead, Versant seeks judgment on breach of contract and fraud claims while a receiver is appointed to protect Defendants' assets until it obtains that judgment.  As such, the "carve out" is reasonably interpreted to be a post-judgment exception to enforce that judgment wherever Defendants' collateral may be located.  Therefore, the Court concludes that the "carve out" provision does not apply to Versant's claims.

In summary, the Court concludes that the forum selection clause should be enforced.  Based on this conclusion, the Court grants Defendants' motion to transfer Versant's contract and fraud claims to the United States District Court for the Southern District of Florida, which is the federal court serving Palm Beach County, Florida.

Regarding the claim to appoint a receiver, it seems impracticable to evaluate this claim in this Court while the other claims proceed in Florida. Such a separation of claims would unnecessarily consume both the parties' and judicial resources. Moreover, the appointment of a receiver depends upon the merit of Versant's claims, which means one court should evaluate these interrelated issues. Thus, the Court concludes that Versant's receivership claim should be transferred in the "interests of justice." *See*, *e.g.*, *Hawkins v. Gerber Products Co.*, 924 F. Supp. 2d 1208, 1217 (S.D. Cal. 2013) ("transfer of this action would promote efficiency and fairness to the litigants.").

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss or, in the alternative, to transfer under 28 U.S.C. § 1404(a) (Dkt. 18) is **GRANTED in part** and **DENIED in part** as stated herein.

The Clerk is directed to transfer this matter to the United States District Court for the Southern District of Florida and close this case.

Dated this 21st day of September, 2017.

BENJAMIN H. SETTLE
United States District Judge